IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sean Patrick Murphy,<br><br>Petitioner,<br>v.<br><br>United States of America,<br><br>Respondent. | Criminal No. 4:21-cr-271-SAL<br>Civil No. 4:22-cv-4174-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court on Petitioner's motion to vacate under 28 U.S.C. § 2255. [ECF No. 80.] Respondent filed a response in opposition and motion for summary judgment opposing the § 2255 petition. [ECF No. 117.] On July 11, 2023, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court advised Petitioner of the motion for summary judgment, dismissal procedures, and the possible consequences if he failed to respond timely and adequately to Respondent's motion. [ECF No. 118.] Petitioner has not filed a response to the motion for summary judgment.[1] For the reasons below, the court **GRANTS** Respondent's motion for summary judgment, ECF No. 117, and **DENIES** Petitioner's motion to vacate, ECF No. 80.

---

[1] On September 1, 2023, the court sent a notice to Petitioner asking if he wished to continue the prosecution of his § 2255 action since he was no longer in custody or on supervised release. [ECF No. 120.] The court further informed Petitioner that his petition could be dismissed for failure to prosecute if he did not respond to the court's notice within fourteen days. *Id.* Petitioner did not file a timely response, and the court subsequently dismissed this § 2255 action for failure to prosecute. [ECF No. 122.] Less than ten days after that dismissal, the court received notice from Petitioner that he wished to pursue his § 2255 action. In light of this notice, the court hereby vacates the previous order of dismissal and judgment in this case, ECF Nos. 122 & 123.

## BACKGROUND

On April 26, 2021, a complaint was filed in federal court against Petitioner. [ECF No. 3.] On May 19, 2021, a federal grand jury returned a single-count indictment charging Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). [ECF No. 24.] On September 22, 2021, Petitioner pleaded guilty as charged. [ECF Nos. 54, 55, 117-2.]

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined Petitioner's charge, offense conduct, criminal convictions, and Guidelines pursuant to the United States Sentencing Guidelines (U.S.S.G.). [PSR, ECF No. 59.] The PSR provided for a base offense level of 14 because Petitioner was a prohibited person at the time he committed his offense. PSR, ¶ 36. He received a two-level reduction for acceptance of responsibility, which resulted in a total offense level of 12. PSR, ¶¶ 43, 44. With that total offense level and a criminal history category of I, the guideline imprisonment range was 10 to 16 months' imprisonment. [Recommendation, ECF No. 59-2 at 1.]

On November 16, 2021, the court conducted a sentencing hearing. [ECF No. 63.] The court adopted the PSR without changes and imposed a sentence of 13 months' imprisonment, with a term of supervised release of five years. [ECF Nos. 63, 64, 65.] Petitioner did not file a direct appeal.

On November 21, 2022, Petitioner filed a motion pursuant to § 2255, alleging ineffective assistance of counsel. [ECF No. 80.] The government filed a response in opposition and motion for summary judgment. [ECF No. 117.] Petitioner has not replied.

**LEGAL STANDARDS**

**I.     Summary Judgment**

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

**II.    Motions Under 28 U.S.C. § 2255**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings.

A petitioner cannot ordinarily bring a collateral attack based on issues litigated on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), *cert denied*, 429 U.S. 863 (1976). That said, there is an exception to this rule when a petitioner can show an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974). The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

## II.     Ineffective Assistance of Counsel

Petitioner's sole ground for relief is that he received ineffective assistance of counsel. The Sixth Amendment right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a violation of the Sixth Amendment's guarantees based on the ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Id.* at 694. A "strong presumption" exists that counsel's performance fell within a "wide range of reasonable professional assistance." *Id.* at 689. In addition, the "reasonable probability" contemplated by the second prong of this analysis is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* at 694. When a court evaluates an attorney's performance under the *Strickland* standard, it must "eliminate the distorting effects of hindsight, . . . reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct from counsel's perspective at the time." *Id.* at 690.

## DISCUSSION

In his § 2255 motion, Petitioner raises a single ground for relief: ineffective assistance of counsel. Within that ground, however, he asserts multiple allegations of deficient representation, which the court recites verbatim below:

> Smelled alcohol on Public Defenders breath on several occasions including recently.
>
> Attorney was ignorant of Federal statutes (2K2.1(b)(2)) that would have lowered my sentencing guidelines. She willfully disregarded their use after having to be informed of the applicability by Attorney Michael A. Meetze, an assistant public defender in her office. The same attorney identified a motion for a downward variance as a course of action and I have no knowledge of my attorney pursuing this.
>
> Failed to argue the validity of the statement of probable cause and the granting of "permission to search" given the mental state of Arthur Murphy at the time of the statement and search. Arthur Murphy had experienced three major strokes in the past and had just arrived home from the hospital the day before after being treated for a TIA. Attorney did not address lack of warrant. Arthur Murphy was not in any mental condition to give informed consent to search.
>
> Subsequently, the attorney failed to consider a "fruit of the poisonous tree" defense due to the fact that the search led directly to information used to convict.
>
> Attorney failed to consider the fact that the validity of the statements made by the subject who presented the original complaint were not verified by law enforcement prior to search and arrest and this could possibly have been used in my defense.

[ECF No. 80 at 5.]

**I.    Allegation of Alcohol on Breath**

The government argues that Plaintiff's first allegation—that plea counsel's breath smelled of alcohol "on several occasions"—is vague and conclusory, is contradicted by his own sworn testimony during his guilty plea colloquy, and is otherwise without support in the record. [ECF No. 117-1 at 4–7.] The court agrees. Plaintiff offers no details about when he allegedly smelled alcohol on plea counsel's breath, and nothing in the record supports those allegations. On the other

5

hand, plea counsel filed an affidavit stating those allegations are "not true." [ECF No. 107 at 2.] She also notes their face-to-face contact was limited during COVID, and during that time,

> [Her] contact with Mr. Murphy was via telephone, video teleconferences with the court and jail visits. During jail visits to review discovery and issues in Mr. Murphy's case, face-to-face conduct was conducted with a solid glass barrier between all attorneys and clients with phones on each side of the booth for Mr. Murphy and [plea counsel] to speak.
>
> Once the restrictions of COVID were lifted, all court proceedings were held in open court with Mr. Murphy never registering a complaint concerning any issues of [plea counsel's] representation of him.

*Id.* The guilty plea transcript confirms that Plaintiff did not alert the court to any complaints about plea counsel. *See* ECF No. 117-2. Plaintiff and the court had the following exchange about his satisfaction with plea counsel:

> THE COURT: Are you completely satisfied with her services?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And do you have any complaint that you want to make to the Court today about your lawyer?
>
> THE DEFENDANT: No, Your Honor.

*Id.* at 8. Plaintiff has offered no evidence in response to his own statements during the guilty plea colloquy and plea counsel's affidavit. "[I]n the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Plaintiff has not articulated either deficient performance or resulting prejudice as to this claim. Plaintiff's vague, unsupported allegations fail to demonstrate either prong of *Strickland*. As a result, the government is entitled to summary judgment.

## II.   Knowledge of Sentencing Statutes

Petitioner next asserts plea counsel "willfully disregarded" provisions that would have lowered his sentencing guidelines, and he notes that he does not know of plea counsel filing a motion for a downward variance despite being advised that was a potential course. In her affidavit, plea counsel affirms that she and Petitioner discussed the application of 2K2.1(b)(2). [ECF No. 107 at 2–3.] But she did not pursue that argument because she did not think the decrease would apply based on the facts of his gun possession and because that argument might result in the government arguing for an enhancement based on the "evidence of the additional rifles, shotguns, pistol, several hundred rounds of ammunition, magazines and gun parts located during the consensual search of [Petitioner's] father's house." *Id.* Petitioner has failed to set forth any evidence to counter plea counsel's statements, which demonstrate a sound strategic reason for not objecting under 2K2.1(b)(2). *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Nor has Petitioner shown a reasonable probability that the result of the proceeding would have been different had plea counsel made that objection. *Id.* at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Petitioner has failed to meet his burden as to either prong of *Strickland*. The government is entitled to summary judgment as to this claim.

## III.  Validity of Search

In the rest of his claims, Petitioner contends plea counsel was ineffective for not challenging the validity of the search of Plaintiff's home or the complaints made about him to law enforcement that led to the search of his home. *See* ECF No. 80 at 5. As to the search, Petitioner argues his father "was not in any mental condition to give informed consent to search" because of

three strokes and a recent hospitalization for a TIA. *Id.* In examining this claim, the court briefly reviews Fourth Amendment law and the intersection between that law and claims of ineffective assistance of counsel.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. At the same time, a search conducted with consent does not violate the Fourth Amendment. *See, e.g.*, *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."). As explained by the Fourth Circuit,

> The determination of whether the police reasonably believed that an individual possessed authority to "consent to [their] enter[ing] must be judged against an objective standard: would the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief" that the consenting party had authority over the premises?"

*Armstrong v. Hutcheson*, 80 F.4th 508, 513 (4th Cir. 2023) (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 189 (1990)) (cleaned up).

"When a person claims ineffective assistance based on counsel's failure to file a suppression motion, [courts] apply a 'refined' version of the *Strickland* analysis." *United States v. Pressley*, 990 F.3d 383, 388 (4th Cir. 2021) (citing *Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 524 (4th Cir. 2016)). Under the refined analysis, the court first asks "whether the 'unfiled motion would have had some substance.'" *Id.* (citing *Grueninger*, 813 F.3d at 524–25). If it would have, then the court asks "whether reasonable strategic reasons warranted not filing the motion." *Id.* In order to show prejudice, a "defendant must show that: (1) 'the [suppression] motion was

meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial.'" *Id.* (quoting *Grueninger*, 813 F.3d at 525).

As noted above, Petitioner alleges plea counsel was ineffective for failing to challenge his father's consent to search since Petitioner's father "had experienced three major strokes in the past and had just arrived home from the hospital the day before after being treated for a TIA." [ECF No. 80 at 5.] In her affidavit, plea counsel states she investigated Petitioner's concerns about his father's mental condition and his ability to consent to a search of his premises. [ECF No. 107 at 3.] She also notes that Petitioner was present at the time of the search. *Id.* As to Petitioner's claims that the search should have been challenged based on the initial complaints raised, plea counsel affirms she investigated that issue, but she "did not believe there was a basis to file any motion to suppress the search." *Id.* at 4. Petitioner has not responded to the affidavit or offered any evidence in support of his claims that plea counsel was deficient or that prejudice resulted.

Based on the evidence before the court, the court cannot find there was "some substance" to the suppression motion on the various arguments raised by Petitioner. Petitioner has identified no facts about his father's condition that would have led the officers to believe he could not consent to the search. Petitioner was also present when officers arrived. Thus, there is no basis for finding counsel's performance deficient. And even if the court assumed there was "some substance" to the motion, the court cannot find the motion was meritorious, that it likely would have been granted, or that it would have affected the outcome of the trial based on the evidence before the court. Since Petitioner has identified no genuine issue of material fact from which the court could find either deficiency or prejudice, the government's motion for summary judgment must be granted as to this claim.

## CONCLUSION

For the reasons set forth above, the government is entitled to summary judgment on the claims raised in Petitioner's § 2255 motion. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will summarily deny the petition without holding a hearing. *See* 18 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

Having found that Petitioner has failed to demonstrate either prong of *Strickland* as to the claims raised in his § 2255 motion, Petitioner's motion to vacate under 28 U.S.C. § 2255, ECF No. 80, is **DENIED**. Respondent's motion for summary judgment, ECF No. 117, is **GRANTED**. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

October 31, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."